DECISION
Tiverton School Committee (Plaintiff) brings a motion pursuant to G.L. 1956 § 28-9-18 to vacate an arbitrator's decision awarding the position of Tiverton High School physical education teacher to Mr. McGuire, a physical education teacher at Nonquit and Ranger elementary schools. The union representing Mr. McGuire (Defendant), opposes the motion, and moves to confirm the award pursuant to § 28-9-17. Plaintiff additionally filed a motion to stay the arbitrator's award which the Court neither granted nor denied.
 FACTS
A collective bargaining agreement in effect at all material times between the parties provides in Article 27 that a teacher may grieve an employment dispute to an arbitrator. On September 11, 2000, an arbitrator found that Mr. McGuire was improperly denied a particular physical education teaching position based on contractually impermissible gender-based qualifications. Consequently, the arbitrator fashioned a remedy directing the Tiverton School Committee to place Mr. McGuire into that position, thereby fulfilling its obligations under the contract.
The Plaintiff argues that the issue of qualifications for the position of physical education teacher was not substantively arbitrable, and in the alternative that the ruling should fail under the terms of the collective bargaining agreement itself. Defendant, while substantively arguing exactly the opposite, has also posited a procedural argument based upon § 28-9-18(b), essentially proposing that this Court lacks jurisdiction to address the substantive merits of Plaintiff's argument.
 JURISDICTION
Section 28-9-18(b) of the General Laws provides in pertinent part that:
 "A motion to vacate, modify, or correct an arbitrator's award shall not be entertained by the court unless the award is first implemented by the party seeking its vacation, modification, or correction; provided that the court, upon sufficient cause shown, may order the stay of the award or any part of it upon circumstances and conditions it may prescribe."
Section 28-9-18(b) unequivocally requires that a party seeking to vacate an arbitrator's award must first implement the award unless the Court has issued a stay of its implementation. As of the present date, the Plaintiff has not implemented the award by placing Mr. McGuire into the position of Tiverton High School physical education teacher. Although Plaintiff did file a motion to stay and vacate the award on October 25, 2000, this Court has issued no order to stay implementation of the award. In fact, it appears from the record in this matter that the original calendar date for that motion was passed on November 17, 2000. Accordingly, this Court may not entertain the Plaintiff's motion to vacate the award.
This decision does not rest simply on the bare procedural technicalities of the law, but also on long-standing policy served by these statutory provisions to accord strength and substance, as well as finality, to the awards of arbitrators. The Supreme Court stated in Rhode Island Council 94 v. State, "Judicial authority to review or to vacate arbitration awards is limited . . . Strong public policy considerations dictate that a reviewing court's ability to overturn awards should be narrowly circumscribed." 456 A.2d 771, 773 (R.I. 1983). Moreover, public policy favors private settlement of grievance disputes arising from collective bargaining agreements. Id. Similarly, the United States Supreme Court recognizes that the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. See United Steelworkers of America v. Enterprise Wheel Car Corp., 363 U.S. 593, 80 S.Ct. 1358 (1960). As was stated in United Steelworkers of America v. Warrior Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347 (1960), the arbitrators under these collective bargaining agreements are indispensable agencies in a continuous collective bargaining process. They sit to settle disputes at the plant level . . . Disputes that require for their solution knowledge of the custom and practices of particular factory or of a particular industry as reflected in particular agreements. See United Steelworkers of America v. Enterprise Wheel Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360 (1960). Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept . . . Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. United Paperworks International Union v. Misco, Inc., 484 U.S. 29, 108 S.Ct. 364, 370-371 (1987).
Procedural controls such as the relatively short limitation for challenging arbitrator's awards and the rigid requirement that the employer implement an award before it may challenge that award serve effectively to support the aforementioned policy concerns.[1] In the case at bar, Plaintiff has attempted to circumvent the statutory requirement of implementation by contemporaneously filing a motion to stay with the motion to vacate. Were this Court to condone that procedure, the requirement of implementation would become constructively nullified, parties being able to ignore the statutory stay provision merely by appending the word "stay" to their motion for vacation.[2]
Accordingly, in confirming the arbitral award in this case, the Court emphasizes the importance of the finality and certainty of arbitration in the collective bargaining context, and treats the situation of a party failing to obtain a stay prior to vacation of the arbitral award as a substantial obstacle to the employee's pursuit of relief against the employer. See Prudential Property and Casualty Insurance Company v. Joyce M. Flynn, 687 A.2d 440, 441 (R.I. 1996) (public policy favors the finality of arbitration judgments).
The motion to confirm the award is granted. The motion to vacate the award is denied. The parties shall prepare the appropriate order after notice.
[1] Section 28-9-21 of the General Laws provides, "Notice of a motion to vacate . . . an award must be served upon the adverse party, or his attorney, within three (3) months after the award is filed or delivered, as prescribed by law for service of a motion upon an attorney in an action. . . ."
[2] This argument turns on the fact that a motion to stay implementation of the award must be granted before a party seeks to vacate an award. At first glance this may seem a mere formality, however, if it were not the case, litigants would have absolutely no incentive to implement the final arbitral award at all. Parties could simply treat the award as an ordinary judgment from which an appeal is taken, thereby countervailing the basic public policy of finality of arbitration.